**SOUTHWESTERN TRADING CO.**
v.
**UNITED STATES.**
No. 14492.

United States Court of Appeals,
Fifth Circuit.
Dec. 30, 1953.

Fermon T. Walton and Abe Gollob, Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., Jack D. Childers and John C. Snodgrass, Asst. U. S. Attys., Houston, Tex., Bernard H. English, Atty., Interstate Commerce Commission, Fort Worth, Tex., of counsel, for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was convicted and sentenced upon an indictment charging a violation of Part II of the Interstate Commerce Act. 49 U.S.C.A. § 322(e). The indictment charged that the appellant as shipper, and one Vincent as common carrier, fraudulently sought to evade the regulations with regard to motor carriers by transporting cow hides for compensation from Nashville, Tennessee, to Houston, Texas, without a certificate from the Interstate Commerce Commission authorizing it to perform such transportation. The only question for our determination is whether vehicles engaged in the transportation of cow hides are exempt from the requirement of a certificate of convenience and necessity, 49 U.S.C.A. § 322(e), by reason of being engaged in carrying agricultural commodities for compensation. 49 U.S.C.A. § 303(b) (6).

The appellee concedes that if the goods transported were an agricultural commodity within the meaning of said section 303(b) (6), the transportation would be exempt from the permit requirements of said Act. If such transportation were exempt, the issuance of the false invoice would not constitute the offense of seeking fraudulently to evade or defeat the regulations provided by said Section 322 (e). The partial exemption is extended in said Section 303(b) (6) to motor vehicles used to transport ordinary livestock, fish, and agricultural commodities (not including manufactured products thereof).

In a proceeding before the Interstate Commerce Commission, reported in 52 Motor Carrier Cases 511, the history of the legislation was reviewed, and it was found that the primary purpose of the partial exemption provided in said Section 303(b) (6) was to aid the farmer in agricultural pursuits; that the words agricultural commodities should be construed in their plain, usual, and commonly accepted sense. The Commission proceeded to group agricultural commodities under three general headings: those which are produced by plants; those which are produced continually by living animals kept on the farm, such as milk, eggs, and wool; and live poultry. The only group into which cow hides could possibly come would be the products of animals, but it is apparent that cow hides would not be included within this group, as said classification refers only to the commodities which living animals produce continually and with regularity. The hide is a part of the animal, separable only upon its death; it is a product of slaughter only. The Commission specifically found that slaughtered animals were not embraced in the definition of ordinary livestock, and that the products thereof, such as fresh meat and meat products, did not fall within the description "agricultural commodities" as used in Section 303(b) (6). It stated that pelts, skins, or green and salted hides, are not agricultural commodities within the meaning of said

section. The conclusion reached by the Commission is directly in point here.

Where there is a definitely settled administrative construction for which there is a rational basis, the courts may adopt the same, especially where there is an absence of authority to the contrary. United States v. Missouri Pacific R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322; Rochester Telephone Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; Interstate Commerce Commission v. Weldon, D.C., 90 F.Supp. 873. Accordingly, the judgment appealed from is affirmed.

Affirmed.